UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CODY A. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.:  4:23-CV-67-DCLC-CHS |
| | ) |
| KENDRA BURTON and | ) |
| JAMMI WALKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a self-represented prisoner housed in the Lincoln County Jail, filed a civil rights complaint under 42 U.S.C. § 1983 [Doc. 2] and motion to proceed without prepayment of the filing fee [Doc. 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** the complaint for failure to state a claim upon which § 1983 relief may be granted.

**I.     MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

It appears from Plaintiff's motion to proceed without prepayment of fees [Doc. 1] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

On December 17, 2023, between 2:00 and 3:45 a.m., Plaintiff got out of bed and was walking around the day room at the Lincoln County Jail when Corporal Jammi Walker came over the speaker and, using "f[ou]l[] language and slurs[,]" told Plaintiff he could not walk [Doc. 2 p. 5]. Sergeant Kendra Burton then came in the area to do a walk-through [*Id*.]. She called Plaintiff a f*g and a crybaby, told Plaintiff he "whine[d] about everything[,]" and told Plaintiff "she hates ret**ds" [*Id*.]. These Defendants curse at Plaintiff and call him names each time they work, but when Plaintiff complains, the administration never acts to remedy the issue [*Id*. at 12]. The Inmate Handbook requires staff to treat the inmates respectfully, but Defendants discriminate against Plaintiff and "treat [him] unfairly" because he is gay [*Id*. at 12–13].

Aggrieved, Plaintiff filed this action seeking $40,000 in monetary damages against Defendants for the mental distress caused by their actions [*Id*. at 5].

3

Case 4:23-cv-00067-DCLC-CHS   Document 4   Filed 01/04/24   Page 3 of 6   PageID #: 24

C.   Analysis

Plaintiff cannot sustain a § 1983 action based on his allegations that Defendants threatened or taunted him with derogatory speech, because such conduct is not "punishment" in the constitutional sense. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (holding "verbal abuse" and "harassment" do not raise a constitutional issue); *Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies*, 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). This conclusion is not altered by Plaintiff's claim that Defendants' conduct violates the policies in the Inmate Handbook, as the violation of institutional policies or procedures fails to give rise to a constitutional claim. *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983").

Neither does Defendants' conduct give rise to an equal protection violation. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). Sexual orientation

4

has not been identified as a suspect classification in the Sixth Circuit, but it does constitute an "identifiable group" for equal protection purposes. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012).

But here, Plaintiff has not alleged that he was treated differently than similarly situated individuals with a different sexual orientation. And he has not presented any facts suggesting Defendants took action to deny him anything to which he was entitled, or which other inmates received. Rather, the only discrimination he has alleged is verbal abuse, and that is insufficient to state an equal protection claim. *See, e.g., Tillman v. Lebanon Cnty. Corr. Fac.*, 221 F.3d 410, 424 (3d Cir. 2000) ("Where there is no discrimination, there is no equal protection violation."); *Vega v. Artus*, 610 F. Supp. 2d 185, 209 (N.D.N.Y. Mar. 26, 2009) (finding that harassing comments based on perceived homosexuality were insufficient to state a claim of discrimination under the Equal Protection Clause).

Finally, the Court notes that under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, even if Plaintiff had stated a viable constitutional violation, his request for monetary compensation for "mental help" [Doc. 2 p. 5] is not permitted under the PLRA.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

5

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge